IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | § | |
| | § | No. 267, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0912010604 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 11, 2018
Decided: September 6, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

(1)     In 2010, a Superior Court jury found the appellant, Cornell Hester, guilty of second degree burglary and other crimes. Following his Superior Court conviction, Hester was sentenced to an unsuspended twelve-year term of Level V incarceration followed by probation. On direct appeal, we affirmed Hester's conviction and sentence.[1] Since then, Hester has brought eleven challenges to his conviction and sentence—eight motions for correction or reduction of sentence under Superior Court Criminal Rule 35, two motions for postconviction relief under

---

[1] *Hester v. State*, 2011 WL 3717051 (Del. Aug. 23, 2011).

Superior Court Criminal Rule 61, and a federal habeas corpus petition—all without success.

(2)     This appeal is from the Superior Court's order of April 19, 2018, summarily dismissing Hester's second motion for postconviction relief, under Rule 61(d)(2). The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Hester's opening brief that the appeal is without merit. Having considered the parties' submissions and the record on appeal, we conclude that the Superior Court properly applied the Rule 61(d)(2) procedural bar to Hester's second postconviction motion.

(3)     On appeal, Hester argues that his second postconviction motion was dismissed in error because a 2013 amendment of Rule 61(e)(1) satisfied the procedural hurdle in Rule 61(d)(2)(ii). His argument is without merit. The 2013 amendment of Rule 61(e)(1), which provided for the appointment of counsel for an indigent movant's first postconviction motion, was adopted on May 6, 2013 and applied to postconviction motions filed on or after that date. As such, it was not a new, retroactively-applicable rule of constitutional law, and it does not satisfy the procedural hurdle of Rule 61(d)(2)(ii)[2] as Hester would have us conclude.[3]

---

[2] Rule 61(d)(2)(ii) requires the summary dismissal of a second postconviction motion unless the movant was convicted after a trial and the motion "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review . . . applies to the movant's case."

[3] *Roten v. State*, 2013 WL 5808236 (Del. Oct. 28, 2013).

(4)     Hester's remaining arguments on appeal simply repeat those that were made, without success, in his first motion for postconviction relief, in one or more of his eight motions seeking a correction or reduction of sentence, or in his federal habeas corpus petition. To the extent Hester raised new grounds for relief in his opening brief, those grounds were not presented to the Superior Court in the first instance and, therefore, were not considered in this appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] Del. Supr. Ct. R. 8.